1  LAW OFFICES OF CARLOS F. NEGRETE
2  CARLOS F. NEGRETE SBN 134658
   27422 CALLE ARROYO
3  SAN JUAN CAPISTRANO, CA 92675
4  TELEPHONE: 949.493.8115
   FACSIMILE: 949.493.8170
5

6  ATTORNEYS FOR PLAINTIFFS,
   NATHAN DRAGE AND
7  NATHAN W. DRAGE, P.C. TRUST

8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATHAN DRAGE AND NATHAN W. DRAGE, P.C. TRUST<br><br>PLAINTIFFS,<br><br>VS.<br><br>SHELLY S. SINGHAL; NICOLE MARTIN; JOHN WONG; SBI-USA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; SBI BRIGHTLINE V, LLC; FIRST SECURITIES USA, INC. AKA FSUSA, INC. A NEVADA CORPORATION; SBI E-2 CAPITAL, LTD.; SBI E-2 CAPITOL AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>DEFENDANTS. | Case No: SA 07-1417 JVS (RNBx)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN ***OPPOSITION*** TO MOTION TO DISMISS COMPLAINT.<br><br>DATE: FEBRUARY 4, 2008<br>TIME: 9:30 A.M.<br>MAGISTRATE HON. JAMES V. SELNA<br>COURTROOM: 10C |

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................ 2

II. ARGUMENT

    A. PLAINTIFFS' CLAIMS ARE NOT COMPULSORY IN THE COMPLAINT FILED BY NATIONAL ACCOUNT MANAGEMENT AND BUSINESS GROWTH FUNDING. ............................................................................ 3

    B. NONE OF PLAINTIFFS' CLAIMS ARE PRECLUDED BY THE STATUTE OF LIMITATIONS ............................................................................ 6

        i. Plaintiffs Adequately Plead the Existence of a Written Contract which Invokes the Four Year Statute of Limitations for Breach of Written Contract ............................................................................ 7

        ii. The Causes of Action to which the Two-Year Statute of Limitations is Applicable are not Time Barred ............................................................................ 8

    C. THE DRAFT AGREEMENT DOES NOT LIMIT DEFENDANTS' LIABILITY ............................................................................ 10

    D. PLAINTIFFS' FRAUD CLAIM IS SUFFICIENTLY PLED ............................................................................ 11

    E. PLAINTIFFS' CLAIM FOR QUASI- CONTRACT/RESTITUTION IS NOT BARRED ............................................................................ 13

    F. PLAINTIFFS HAVE SUFFICIENTLY PLEAD DAMAGES RESULTING FROM DEFENDANTS' WRONGFUL ACTS ............................................................................ 13

    G. PLAINTIFFS HAVE ALLEGED A VALID RICO CLAIM ............................................................................ 14

    H. PLAINTIFFS ALLEGE A VALID CLAIM FOR SECURITIES FRAUD ............................................................................ 14

    I. PLAINTIFFS ALLEGE VALID CLAIMS FOR INTENTIONAL AND NEGLIGENT INTERFERENCE WITH PROSPECTIVE ADVANTAGE ............................................................................ 15

    J. PLAINTIFFS HAVE ALLEGED A VALID CLAIM FOR QUASI CONTRACT/RESTITUTION ............................................................................ 16

    K. PLAINTIFFS HAVE ALLEGED A VALID CLAIM FOR DECLARATORY RELIEF ............................................................................ 16

III. CONCLUSION ............................................................................ 17

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Amen v. Merced County Title Co.* (1962) 58 Cal 2d 528 .................................................. 8

*Baker v. Gold Seal Liquors, Inc* (1974) 417 US 467, 41 L Ed 2d 243, 94 S Ct 2504 ..... 5

*Bank of Guam v. Dir. of Dep't of Revenue & Taxation*
  (D. Guam 2002) 2002 U.S. Dist. LEXIS 9662 ........................................................... 6

*Bates v. Daley's, Inc.* (1935) 5 Cal. App. 2d 95 ................................................................ 7

*Beascoechea v Sverdrup & Parcel & Associates, Inc.* (ED Pa 1980) 486 F Supp 169 .... 12

*Benchmark Elecs., Inc. v. J.M. Huber Corp.* (5th Cir. 2003) 343 F.3d 719 ..................... 11

*Big Cola Corp. v. World Bottling Co* (CA6 Tenn 1943), 134 F2d 718, 57 USPQ 253 .... 5

*Brotherhood of Electrical Workers v Iowa Power & Light Co*
  (SD Iowa 1964), 224 F Supp 731 .............................................................................. 6

*Brown v. McCormick,* (1979 CA10 Kan) 608 F2d 410 ..................................................... 5

*Cahill v. Liberty Mut. Ins. Co.* (9th Cir 1996), 80 F. 3d 336, 337, 338 ............................ 7

*Cal. Amplifier v. Rli Ins. Co.* (2001) 94 Cal. App. 4th 102 ............................................... 14

*Conley v. Gibson* (1957) 355 US 41, 45 – 46 .................................................................... 6

*Federman v. Empire Fire & Marine Ins. Co* (CA2 NY 1979) 597 F2d 798 ..................... 4

*Gibson v. Government Employees Ins. Co.* (1984) 162 Cal. App. 3d 441 ........................ 10

*Government Guar. Fund v. Hyatt Corporation* (DC VI 1996) 34 VI 257, 166 FRD 321 .. 4

*Graehling v. Village of Lombard,* (7th Cir. 1995) 58 F.3d 295, 297 ................................. 6

*Grisham v. Philip Morris U.S.A., Inc.* (Cal. 2007) 40 Cal. 4th 623 .................................. 9

*Hastings v Seattle-First Nat'l Bank*
  (1984, MD Fla) CCH Fed Secur L Rep P 91874, 40 FR Serv 2d 669 ....................... 5

*International Video Corp. v Ampex Corp.* (CA9 Cal 1973) 484 F2d 634 ......................... 5

*McBride v. Boughton* (2004) 123 Cal. App. 4th 379. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Moore v. New York Cotton Exch.* (1926) 270 U.S. 593, 609-610. . . . . . . . . . . . . . . . . . . . . 4

*National Union Fire Ins. Co. v Jett* (SD NY 1988) 118 FRD 336 . . . . . . . . . . . . . . . . . . . . . 6

*Neubauer v. Goldfarb* (2003) 108 Cal. App. 4th 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Salinas v. United States* (1997). 522 U.S. 52, 64. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Scolinos v. Kolts* (1995) 37 Cal.App.4th 635;
    *Gilmore v. Lycoming Fire Ins. Co.*, (1880) 55 Cal. 123, 124. . . . . . . . . . . . . . . . . . 8

*St. Paul Title Co. v. Meier* (1986) 181 Cal. App. 3d 948 . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Tomera v Galt* (CA7 Ill 1975) 511 F2d 504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wyatt v. Union Mortgage Co* (1979). 24 Cal.3d 773, 786. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

RULES

Fed. Rules 12 (b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

Fed. Rules. Civ. Pro, rule 13(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

Fed. Rules. Civ. Pro, rule 13(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. Rules Civ. Pro, rule 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-13

Plaintiffs NATHAN DRAGE and NATHAN W. DRAGE, P.C. TRUST ("Plaintiffs") hereby respectfully submit the following Memorandum of Points and Authorities in opposition to Defendants Shelly S. Singhal ("Singhal"); Nicole Martin ("Martin'); SBI-USA, LLC. ("SBI"); and SBI BRIGHTLINE V, LLC.'s ("SBI BRIGHTLINE") (collectively referred to as "Defendants") Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

It must first be pointed out that this case arises from violations of California State Law based on claims which include breach of contract, fraud, negligence, breach of fiduciary duty, state securities fraud, and negligent and intentional interference with prospective advantage, among others.

The pleading of the allegations of all of the causes of action is based on requirements arising under California State Law. If the Court finds that any of the claims are deficient for the reason that they do not conform to Federal Court pleading requirements, equity and fairness dictates that Plaintiffs be given leave to amend to conform the complaint to Federal Court requirements

That being said, it is respectfully submitted that Defendants' motion lacks any basis in law or fact and should be denied. In the first instance the motion relies on declarations and exhibits extraneous to the four corners of the pleading. As such, it violates Rule 12 (b)(6) which requires that a motion to dismiss which is

made on the grounds that the pleading fails to state valid claim, but relies on matters outside the face of the pleading which are not excluded by the Court, shall be treated a as a motion for summary judgment. Consequently, if the Court finds that the motion has any merit, it should treat the motion as one for summary judgment and give Plaintiffs an opportunity to present all matters pertinent to such a motion.

Moreover, Defendants claim that various of the claims are barred by the statue of limitations ignores the well-settled rule that the statute does not begin to run until after discovery of the relevant facts giving rise to the claim. When this rule is taken into account, it is clear that none of the claims are barred.

Finally, contrary to the assertions of Defendants, each of the claims is sufficiently plead to apprise Defendants of the material charging allegations against it. Consequently, it is respectfully submitted that the motion should be denied in its entirety.

## II. ARGUMENT

### A. PLAINTIFFS' CLAIMS ARE NOT COMPULSORY IN THE COMPLAINT FILED BY NATIONAL ACCOUNT MANAGEMENT AND BUSINESS GROWTH FUNDING.

To be compulsory, a counterclaim must "arise out of" the same transaction or occurrence as the claim. The relevant factors are the similarity of the events in terms of time, place, persons involved, and actions or conduct. There may be times

when the events involved in a claim and a counterclaim are different in terms of time, person, place, and conduct. (*Moore v. New York Cotton Exch.* (1926) 270 U.S. 593, 609-610.)

As pointed out in *Federman v. Empire Fire & Marine Ins. Co* (CA2 NY 1979) 597 F2d 798 the factors considered as indicators of compulsory nature of counterclaim are:

(1) Identity of facts between original claim and counterclaim;

(2) Mutuality of proof;

(3) Logical relationship between original claim and counterclaim and although these factors may be indicative in one sense or another of compulsory character of counterclaim, no one factor is conclusive.

The operative question in determining if a claim is a compulsory counterclaim is whether it bears a logical relationship to the opposing party's claim. The claim should be asserted as a compulsory counterclaim if it involves many of same factual issues, same legal issues, and offshoots of the same basic controversy between parties. (*Government Guar. Fund v. Hyatt Corporation* (DC VI 1996) 34 VI 257, 166 FRD 321.) Difference between the compulsory requirement of stating counterclaims under Fed. Rules. Civ. Pro, rule 13(a) and permissive provision of stating such claims under Fed. Rules. Civ. Pro, rule 13(b) depends on whether such claims arise "out of the transaction of occurrence that is the subject matter of the

opposing party's claim." (*Big Cola Corp. v. World Bottling Co* (CA6 Tenn 1943), 134 F2d 718, 57 USPQ 253.)

Rule 13(a), requiring a defendant to plead any counterclaim which arises out of same transaction or occurrence that is subject matter of opposing party's claim, is not applicable if the counterclaim is the subject of another pending action at the time the action was commenced, or if an opposing party brings a suit by attachment or other process not resulting in personal jurisdiction, but only in rem or quasi in rem jurisdiction. (*Baker v. Gold Seal Liquors, Inc* (1974) 417 US 467, 41 L Ed 2d 243, 94 S Ct 2504.)

The pending-action exception to the rule pertaining to compulsory counterclaims applies only if a counterclaim was the subject of pending action when the federal suit was filed. *Brown v. McCormick,* (1979 CA10 Kan) 608 F2d 410.) The pending-action exception of Rule 13(a), when harmonized with the general requirement to plead compulsory counterclaims and broader doctrinal considerations of res judicata, must be read to provide a pleader only with an election of not filing in second action; if, however, a pleading is filed in second action, the pleader must be bound by the final judgment first entered in either action. (*Hastings v Seattle-First Nat'l Bank,* (1984, MD Fla) CCH Fed Secur L Rep P 91874, 40 FR Serv 2d 669.) The mere filing of a compulsory counterclaim does not establish a justifiable controversy where none previously existed. (*International Video Corp. v Ampex Corp.* (CA9 Cal 1973) 484 F2d 634.)

5

Plaintiffs' claims should not be dismissed on the ground that they should have been raised as compulsory counterclaim in a prior action, where that prior action is still pending and has not proceeded to judgment. (*International Brotherhood of Electrical Workers v Iowa Power & Light Co* (SD Iowa 1964), 224 F Supp 731.) Even if the claims which plaintiff brings in the present action were compulsory counterclaims in the earlier action, they are not now barred because the compulsory counterclaims are to be raised in pleading. (*National Union Fire Ins. Co. v Jett* (SD NY 1988) 118 FRD 336.)

### B. NONE OF PLAINTIFFS' CLAIMS ARE PRECLUDED BY THE STATUTE OF LIMITATIONS

Like a common law demurrer, a Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of a complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. (*Conley v. Gibson* (1957) 355 US 41, 45 – 46.) A complaint "should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." (*Bank of Guam v. Dir. of Dep't of Revenue & Taxation* (D. Guam 2002) 2002 U.S. Dist. LEXIS 9662 quoting *Graehling v. Village of Lombard,* (7th Cir. 1995) 58 F.3d 295, 297. )

In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff; accept all well-pleaded factual allegations as true; and determine whether the plaintiff can prove any set of facts to

6

support a claim which would merit relief. *Cahill v. Liberty Mut. Ins. Co.* (9th Cir 1996). 80 F. 3d 336, 337, 338.)

Once these well settled rules are applied to Plaintiffs' claims, it becomes clear that none of them are barred by the statute of limitations.

### i. Plaintiffs Adequately Plead the Existence of a Written Contract which Invokes the Four Year Statute of Limitations for Breach of Written Contract

Defendants contend that "while plaintiffs allege breach of a written contract, they do not allege, and cannot allege, that an executed written Agreement exists." (See Moving Papers, page 7.) Defendants then conclude that the two-year statute of limitations for breach of an oral agreement provided for by Cal.Civ.Proc.Code § 339(1) applies rather than the four year statute of limitations under Cal.Civ.Proc.Code § 337 for breach of a written contract. However, the rules of pleading applicable to a cause of action for breach of written contract in California do not require that a plaintiff attach the contract or even plead the contract "in haec verba" as Defendants contend.[1] Instead, a Plaintiff may plead the contract

---

[1] When pleading the contract in haec verba, the Plaintiff may either set forth the terms of the agreement in the body of the pleading or attach a copy as an exhibit and incorporating it by reference. *Bates v. Daley's, Inc.* (1935) 5 Cal. App. 2d 95

according to its legal intendment and effect." (*Scolinos v. Kolts* (1995) 37 Cal.App.4th 635; *Gilmore v. Lycoming Fire Ins. Co.*, (1880) 55 Cal. 123, 124.)

Further, an executed contract is not required. Where, as alleged here, there are written escrow instructions and the escrow holder accepts them or has prepared the instructions and offers to perform them, and the party relying on the escrow holder accepts the instructions, an action for the escrow holder's failure to comply with the instructions is an action **on a written contract;** the contract is "in writing" for purposes of the statute of limitations although it was accepted orally or by an act other than signing. (*Amen v. Merced County Title Co.* (1962) 58 Cal 2d 528.)

Here, Plaintiffs allege the existence of escrow instructions. The Defendants moving papers concede this fact and argue that the Draft Agreement attached to the Declaration of Shelly Singhal is the agreement of the parties Thus, they cannot argue in good faith that the Complaint fails to state a cause of action for breach of a written agreement. Accordingly, the four-year statute applies. Since the contract was entered into less than four years prior to the filing of the Complaint, the breach of contract claim is not time barred.

### ii   The Causes of Action to which the Two-Year Statute of Limitations is Applicable are not Time Barred

A defendant's fraud in concealing a cause of action against him or her will toll the statute of limitations, and that tolling will last as long as a plaintiff's reliance on the misrepresentations is reasonable. Whether reliance was reasonable

8

is a question of fact for the jury, and may be decided as a matter of law only if the facts permit reasonable minds to come to just one conclusion. (*Grisham v. Philip Morris U.S.A., Inc.* (Cal. 2007) 40 Cal. 4th 623.) Similarly where a conspiracy is alleged, the statute of limitations does not begin to run until the last overt act pursuant to the conspiracy is completed. (*Wyatt v. Union Mortgage Co* (1979). 24 Cal.3d 773, 786.)

Here, Plaintiffs allege that the last overt act of Defendants' conspiracy in a long series of misrepresentation occurred in Winter and Spring of 2005 when Defendants Shelly Singhal and SBI told Plaintiffs that they had retained an attorney to file suit to recover the shares of Perfisans stock owned by Plaintiffs.

Although the Plaintiffs may have demanded the return of the stock certificates at an earlier time, Plaintiffs relied on Defendants' representations that they were taking action to recover the shares and, based thereon, refrained from bringing suit against Defendants. Plaintiffs did not discover that this representation was false until the Spring of 2005 (Complaint, ¶ 22.) Under well-settled law, the statute of limitations did not begin to run until Plaintiffs discovered that Defendants had **not** initiated suit to recover the stock in the spring of 2005. The Complaint was filed on February 21, 2007, and thus, is well within the two year statute of limitation.

## C.   THE DRAFT AGREEMENT DOES NOT LIMIT DEFENDANTS' LIABILITY

Cal. Civ. Code § 1668 provides, "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." A breach of fiduciary duty constitutes a willful injury to the property of another under Cal. Civ. Code § 1668 and therefore cannot be contractually excused. (*Neubauer v. Goldfarb* (2003) 108 Cal. App. 4th 47.)

A fiduciary relationship is one wherein one of the parties is duty bound to act with the utmost good faith for the benefit of the other party. Such a relation arises where a confidence is reposed by one person in the integrity of another, and in such a relationship, the party in whom the confidence is reposed, if he or she voluntarily accepts or assumes to accept the confidence, can take no advantage from his or her acts relating to the interest of the other party without the latter's knowledge or consent. (*Gibson v. Government Employees Ins. Co.* (1984) 162 Cal. App. 3d 441.)

Defendants argue that under the terms of paragraphs 5.5 and 5.6 of the Draft Agreement, Defendants' liability is significantly limited to willful misconduct and thus allegedly precludes Plaintiffs' claims for negligence, breach of fiduciary duty, conspiracy to breach of fiduciary duty, aiding and abetting breach of fiduciary

duty, conversion, negligent interference with prospective advantage and quasi-contract/restitution. However, even if the Draft Agreement represented the terms of the contract between the parties, it is would not serve to limit Defendants' liability.

As an escrow agent holding Plaintiffs' property, Defendants were fiduciaries of Plaintiffs. (*St. Paul Title Co. v. Meier* (1986) 181 Cal. App. 3d 948.) Since a breach of that fiduciary duty, as alleged here, constitutes a willful injury, it is against public policy and law for Defendants to attempt to exonerate themselves through the terms of the Draft Agreement.

### D.   PLAINTIFFS' FRAUD CLAIM IS SUFFICIENTLY PLED

Fed. R. Civ. P. 9(b) provides in relevant part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." What constitutes "particularity" for purposes of the pleading requirements of Fed. R. Civ. P. 9(b) will necessarily differ with the facts of each case. At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out. (*Benchmark Elecs., Inc. v. J.M. Huber Corp.* (5th Cir. 2003) 343 F.3d 719.)

The particularity requirement of Fed. R. Civ. P. 9(b) must be read together with the liberal notice pleading standard of Rule 8. Thus, a complaint is sufficient if it alleges a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants. (*Tomera v Galt* (CA7 Ill 1975) 511 F2d 504.) A plaintiff need only set forth facts with sufficient particularity to fairly apprise defendants of the charges against them. (*Beascoechea v Sverdrup & Parcel & Associates, Inc.* (ED Pa 1980) 486 F Supp 169.)

Here, Plaintiffs have sufficiently pleaded their fraud claim. They have pleaded the approximate time, place and entity making such misrepresentations, that their reliance on such misrepresentations was justifiable and what was obtained by the false representations. Specifically, Plaintiffs allege that in December 2003, Plaintiffs entered into an escrow agreement with Defendants whereby Plaintiffs transferred to Defendants possession of certain common stock certificates of Perfisans Holdings, Inc. (Complaint at ¶ 1.) Defendant SBI represented that it would hold the stock certificates in escrow pursuant to the Escrow Instructions. (Complaint at ¶ 52.) Plaintiffs allege that SBI knew this representation was false at the time it was made. (¶53 and 54.) Plaintiffs further allege that their reliance on SBI's representation was justifiable (¶ 56), and their resulting damages (¶ 57). In addition, Plaintiffs allege a second misrepresentation, made by SBI in or about the winter of 2005, when Defendant Singhal told Plaintiffs that Defendants had retained counsel to pursue the return of the stock.

12

Plaintiffs further allege that this representation, too, was false. (Complaint at ¶¶ 20 - 23.)

These allegations are sufficiently particular within the meaning of Fed. R. Civ. P. 9(b) to fairly apprise Defendants of charges against them. The fraud claim therefore states a valid claim

### E.  PLAINTIFFS' CLAIM FOR QUASI-CONTRACT/RESTITUTION IS NOT BARRED

Defendants argue that a quasi-contract action for unjust enrichment does not lie where there is an express binding agreement that defines the parties' rights. Not only does this argument ignore the fact that Plaintiffs have the right to plead inconsistent legal theories, here, no such agreement describing the rights of the parties has been put before the Court. Accordingly, this argument fails.

### F.  PLAINTIFFS HAVE SUFFICIENTLY PLEAD DAMAGES RESULTING FROM DEFENDANTS' WRONGFUL ACTS

Defendants rely on the alleged Draft Agreement to claim that Plaintiffs cannot prove damages because "[t]he express purpose of the Draft Agreement was to 'accommodate a lock-up' of Shares to prevent their sale." From this, Defendants argue that Plaintiffs cannot allege damages based upon their inability to sell the shares because that was the express purpose of the Draft Agreement.

This is patent nonsense. The alleged Draft Agreement actually provides that the lock-up was for the purpose of conducting an "orderly and efficient release of

the shares ... to further their individual ownership purposes." It does not matter whether or not they could be sold. Plaintiffs owned a portion of the company represented by the Perfisans stock. Defendants wrongfully released the stock from the "lock-up" and transferred the stock to a third party without Plaintiffs' knowledge or consent. Plaintiffs were unable to secure the return of the stock and incurred damages as a result. Accordingly, this frivolous argument fails.

### G. PLAINTIFFS HAVE ALLEGED A VALID RICO CLAIM

In order to state a valid RICO claim under 18 U.S.C.S. § 1962, it is only necessary to allege that the parties agreed to undertake conduct which constitutes a substantive RICO offense. (*Salinas v. United States* (1997). 522 U.S. 52, 64.) Here, Plaintiffs have alleged fraud, illegal stock manipulation, threats, intimidation, illegal discrimination and coercion all arising from SBI's acts as the escrow holder of Plaintiffs' shares. Such allegations constitute substantive RICO offenses. As such, Plaintiffs have alleged sufficient facts establishing a valid claim under RICO.

### H. PLAINTIFFS ALLEGE A VALID CLAIM FOR SECURITIES FRAUD

Cal. Corp. Code § 25401 prohibits misrepresentations in connection with the purchase or sale of securities in general. (*Cal. Amplifier v. Rli Ins. Co.* (2001) 94 Cal. App. 4th 102.) Defendants contend that they cannot be held liable for violation of this section because the subject securities were not sold. In a round-a-

14

bout manner, that is precisely the problem. The stock was given to the Defendants with the intent to sell the subject stock or ownership of the company. The stock was wrongfully given to a third party without a sale, and then canceled, thereby depriving Plaintiffs of their ownership interest in the company.

## I. PLAINTIFFS ALLEGE VALID CLAIMS FOR INTENTIONAL AND NEGLIGENT INTERFERENCE WITH PROSPECTIVE ADVANTAGE.

Defendants argue that Plaintiffs do not state a cause of action for interference with business relations because they "fail to identify any alleged prospective economic relationship or specify how that relationship was allegedly disrupted." However, Plaintiffs have alleged all of the essential elements for these claims.

Plaintiffs allege the existence of a business relationship(s) and that Defendants knew of the relationship. Plaintiffs further allege that Defendants were charged with holding the shares until certain conditions were met by third parties, thus showing a probability of future economic benefit. The relationship was disrupted when Defendants improperly disposed of the shares without Plaintiffs knowledge or consent. Finally, Plaintiffs allege they suffered damages of at least $1.6 Million because Defendants' actions foreclosed their right to sell the shares. Thus, Plaintiff alleges all facts necessary to state a cause of action for both intentional and negligent interference with prospective business advantage.

Defendants balk at the negligent interference claim contending they had no duty of care. This is absurd. As the escrow holder, Defendants owed a fiduciary duty to Plaintiffs to use the utmost care in the handling of the escrow property and the transaction. Defendants intentionally breached this duty.

### J. PLAINTIFFS HAVE ALLEGED A VALID CLAIM FOR QUASI CONTRACT/RESTITUTION

Defendants claim they have not been unjustly enriched because they did not "retain" the shares, and that Perfisans and other third parties actually are the persons who were unjustly enriched. Unjust enrichment is not a cause of action or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. It is synonymous with restitution. Unjust enrichment has also been characterized as describing the result of a failure to make restitution. (*McBride v. Boughton* (2004) 123 Cal. App. 4th 379.) The fact that Defendants gave away the benefit they received does not mean that they have not been unjustly enriched.

### K. PLAINTIFFS HAVE ALLEGED A VALID CLAIM FOR DECLARATORY RELIEF

It is obvious from the moving papers that the Defendants believe they have no liability for Plaintiffs loss and that Plaintiffs should seek relief from Perfisans and other third parties. Defendants also claim that the "Draft Agreement" represents the terms of the agreement between the parties, and that they are not liable under

the terms thereof. Thus, it is proper and appropriate for this Court to determine the terms of the actual agreement between the parties and their rights and obligations thereunder. Accordingly, the Motion to Dismiss should be denied.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully submit that Defendants' motion should be denied in its entirety.

DATED: JANUARY 22, 2008

LAW OFFICES OF CARLOS F. NEGRETE
CARLOS F. NEGRETE

BY: /s/ Carlos F. Negrete
CARLOS F. NEGRETE
ATTORNEYS FOR
.